## Commonwealth v. Hunt

*Robert W. Ferrell III, assistant district attorney,* for the commonwealth.

Defendant was not represented by counsel.

BROWN, *J.*, March 23, 1989 — On July 25, 1988, the above-named defendant was issued a citation for violation of maximum speed limits (Vehicle Code, 75 Pa.C.S. §3362(a)(2)) by Trooper John P. McDermott of the Pennsylvania State Police. On August 29, 1988, defendant was convicted of this offense before District Justice Gerald A. McGee. Defendant thereafter filed an appeal of this summary conviction and a trial de novo was heard before this court on December 16, 1988. At that trial the commonwealth presented the testimony of Trooper Thomas Brelsford of the Pennsylvania State Police who testified that he had timed defendant's vehicle from an aircraft through the use of a certified stop watch along a certified course located in

Fairfield Township, Lycoming County, Pa. Trooper Brelsford also testified to the method he utilized, the speed of defendant's vehicle, and the speed limit in the area. Trooper John McDermott testified concerning his participation in this case, including his stop of defendant's vehicle and issuance of the citation.

At the close of the case, defendant moved for an acquittal based on the commonwealth's failure to present testimony that signs along the course utilized by the officers were properly posted. The court reserved its decision and now addresses the issue raised.

Defendant's argument is based on 67 Pa. Code §211.914. This section of the Pa. Code gives the specifications for marked distance signs that:

"[S]hall be authorized for use to indicate the beginning of, intermediate check points, and ending of a section of highway where police officers measure the speed of vehicles by helicopter or other aircraft over a marked distance for enforcement purposes."

As we read the Traffic Control Devices Code it is intended to standardize traffic signs. Section 211.914 merely "authorized for use" a particular type of sign. It does not require that this sign be used. We note the contrast of the above language with the language found in section 211.721, which states that "[c]onstruction and maintenance guide signs shall be required at construction and maintenance sites. . . . " Because we find that signs or markers were not required we do not find that the commonwealth was required to prove that they existed.

For the aforementioned reasons, we enter the following

## ORDER

And now, March 23, 1989, defendant is found guilty of a violation of maximum speed limits and the court finds defendant operated a motor vehicle at the rate of 74.4 mph in a 55-mph zone. The sentence of the court is that defendant pay a fine of $73 plus court costs.

Defendant shall have 10 days from the date of this order to file post-trial motions. The sentence will be stayed if defendant files post-trial motions in this matter. Otherwise, defendant should pay the fine and costs within 30 days of this order.